**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-30855

ANTHONY BOUDREAUX,

                                        Plaintiff-Appellant,

                      versus

NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY, ET AL.,

                                        Defendants,

BAKER HUGHES INC. LONG
TERM DISABILITY PLAN,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-1456)

May 11, 1998

Before WIENER, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[*]

     In this appeal from the district court's grant of summary

judgment rejecting his claim under the Employment Retirement Income

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Security Act (ERISA),[1] Plaintiff-Appellant Anthony Boudreaux complains that a genuine issue of material fact exists as to whether the plan administrator of Defendant-Appellee Baker Hughes Long Term Disability Plan (the Plan) acted arbitrarily and capriciously in terminating Plan benefits to Boudreaux. He also complains that the district court abused its discretion in denying attorneys' fees pursuant to 29 U.S.C. § 1132(G). In our de novo review of summary judgment, we reach the same conclusion as did the district court and therefore affirm.[2] As such, we need not and therefore do not reach the issue raised by the Plan, i.e., whether a participant's failure to exhaust administrative remedies within the period of time specified by an ERISA plan constitutes a procedural bar to filing suit, pursuant to 29 U.S.C. § 1132(a)(1)(B). Under the instant circumstances, that issue is more properly left to a future panel of this court in a future case.

The operable facts of this case and its procedural history in district court are fully and accurately set forth in the Memorandum Ruling and Judgment of the district court filed July 28, 1997. We therefore adopt them herein by reference.

When distilled to its essence, the issue that was before the

---

[1] 29 U.S.C. § 1001 et seq.

[2] We also conclude that, under the facts and circumstances of this case, the district court did not abuse its discretion in denying attorneys' fees to Boudreaux.

2

court for consideration on the Plan's motion for summary judgment was whether the plan administrator's termination of Boudreaux's disability benefits as of July 26, 1993, amounted to an abuse of discretion. As the Plan gives its administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the Plan,"[3] factual applications made by its plan administrator can only be reviewed by the courts under the deferential abuse of discretion standard.[4] Here, the plan administrator was not interpreting the Plan, but merely applying its provisions to Boudreaux's factual situation. The principle is well settled that in testing determinations of entitlement to benefits for abuse of discretion by plan administrators when they are not interpreting the plans, courts cannot consider evidence that was not available to the plan administrator and must look solely to the administrative record.[5]

We have carefully reviewed the administrative record in this case, have duly considered the appellate briefs submitted by counsel for the parties to this appeal, and have considered well the legal arguments advanced and the facts that are material to the

---

[3] Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

[4] Pierre v. Connecticut Gen. Life Ins. Co., 932 F.2d 1552 (5th Cir.), cert. denied, 502 U.S. 973 (1991); see also Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir. 1994).

[5] Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 827 (5th Cir. 1996).

question of the plan administrator's purported abuse of discretion. As a result, we are convinced, as was the district court — and for essentially the same reasons — that there is no genuine issue of material fact whether the plan administrator abused its discretion in determining that Boudreaux ceased to be disabled within the contemplation of the Plan as of July 26, 1993. When we are constrained under the abuse of discretion standard as we are today, we cannot say that the administrator of the Plan abused its discretion in terminating Boudreaux's benefits. For the foregoing reasons, the rulings of the district court are, in all respects, AFFIRMED.